# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Manuel Alejandro Alvarez-Castro,<br><br>Defendant. | No. 17 CR 1547-JAT<br><br>**ORDER OF DETENTION** |

A detention hearing and a preliminary revocation hearing on the Superseding Petition to Revoke Supervised Release were held on November 9, 2018.

**I.   Preliminary Revocation Hearing.**

During the Preliminary Revocation Hearing, the government called Supervisory U.S. Probation Officer Heather Hauptly to testify regarding the allegations in the Superseding Petition. Regarding Allegation 1, the government intended to have Officer Hauptly testify regarding the contents of government's Exhibits 5-9 (Chandler Police Department Reports and Google Maps/Images of 725 Arizona Avenue, Chandler, Arizona). Defendant objected on the grounds that allowing the hearsay testimony of information contained in police reports would be a violation of Defendant's Confrontation Rights. The Court took the matter under advisement.

Under Federal Rule of Criminal Procedure 32.1 (b)(1)(B) (Preliminary Revocation Hearing): "The judge must give the person: (iii) upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." The Rule 32.1 advisory committee's note to the 2002 amendment states that "Rule 32.1(b)(1)(B)(iii) and Rule 32.1(b)(2)(C) address the ability

of a releasee to question adverse witnesses at the preliminary and revocation hearings. Those provisions recognize that the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine adverse witnesses. The court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." *See also United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) ("Accordingly, in determining whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it.") (internal citations omitted).

Here, Defendant has a right to confront a witness during a preliminary revocation hearing unless the government presents "good cause"[1] to deny that right. The Court did not ask the government to present "good cause" but instead took the objection under advisement. Having failed to give the government the opportunity to present good cause, the Court will allow the government to do so at the next setting on November 21, 2018. If the government is unable to present a witness or establish good cause, the Court will proceed to the Admit/Deny hearing solely on Allegation Two.

Regarding Allegation Two, the Court found that the government satisfied its burden of establishing that Defendant violated Standard Condition One of his Supervised Release. Defendant was personally advised by Judge Teilborg that "[w]ithin 72 hours of sentencing or release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released, if not deported." (Government's Exhibit 1.) Defendant was sentenced on March 1, 2018, and he was arrested on the Petition on October 29, 2018. (Doc. 38.) Defendant did not report to the United States Probation Office as directed, and he had many months to do

---

[1] *United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014) (finding that "unless the government makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings" and noting reliability of the evidence is also a factor). If the government's witness is not available due to a work or scheduling conflict, the government may request the Court reset the current Admit/Deny Hearing.

so.

**II.    Detention Hearing.**

The Court further finds that Defendant has failed to sustain his burden of proof by clear and convincing evidence pursuant to Fed. R. Crim. P. 32.1(a)(6), that he is not a serious flight risk. *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994). Defendant is not a United States citizen, does not have legal status in the United States, has prior removals to Mexico, has prior criminal history, and did not comply with the Court's order that he report for supervision in this matter.

**IT IS ORDERED** that the Defendant shall be detained pending further order of the Court.

Dated this 15th day of November, 2018.

Honorable John Z. Boyle
United States Magistrate Judge